ROGERS, Justice.
 

 This is a suit for the recovery of the purchase price of certain electrical fixtures which plaintiff alleges it sold and delivered to defendant. The defense is that, while they
 
 *603
 
 were installed by defendant, the fixtures were actually purchased from plaintiff for account of the Louisiana State University Medical Center, New Orleans. There was judgment for plaintiff in the court below, and defendant has appealed.
 

 The contract for the sale of the fixtures was the result of another contract which defendant had entered into with the architects in charge of the construction of the Louisiana State University Medical Center in New Orleans. It appears" that these architects had received bids from the parties litigant and other dealers for furnishing the necessary electrical fixtures for the buildings comprising the medical center. Although plaintiff’s bid of $6,675 was the lowest, it was not accepted, because the architect in charge of the building operations declared it would be necessary to obtain a separate bid to cover the installation of the fixtures. The architects finally gave the defendant company an order for furnishing and installing the fixtures, with the suggestion that the fixtures be purchased from plaintiff. Thereupon it was agreed that the plaintiff company would sell the fixtures to the defendant company for $6,275, which was $400 less than the amount of the hid submitted to the architects.
 

 All the fixtures as specified were delivered to defendant through its foreman in charge of the work and were installed in the buildings by its employees. The bills were.regularly sent to and received by defendant without complaint. And the correspondence between the parties at no time raised any question of defendant’s liability for the purchase price of the fixtures. The only excuses urged •by defendant for its failure to discharge its obligation were plaintiff’s alleged delay in furnishing a part of the fixtures, an alleged understanding that payment was to be made in scrip and not in cash, and an alleged agreement that plaintiff was not to be paid until defendant itself was paid.
 

 Plaintiff, at first, declined to receive scrip in payment of its claim, but later agreed to do so, provided the scrip was delivered before a particular date. Defendant, however, failed to deliver the scrip within thé time stipulated, and plaintiff instituted the present suit to enforce its claim. Answering plaintiff’s suit, defendant abandoned all its previous contentions, and expressly denied that it had purchased the fixtures from plaintiff.
 

 The president of the defendant company admitted on the witness stand that he had obtained a certificate from the architects approving the fixtures and their installation, and that on presentation of the certificate he had received scrip for the full amount due defendant under the order received from the architects.
 

 The record satisfies us that plaintiff sold and delivered to defendant the fixtures set forth on the statement annexed to its petition, in which transaction defendant stood to make a clear profit of $400, but that defendant, notwithstanding it received payment in full, has failed to pay what it owes plaintiff.
 

 Defendant, in its 'brief, complains that plaintiff, over its objection, was permitted to introduce evidence which had the effect of enlarging the pleadings. But defendant has failed to furnish any details whereby its complaint can be considered. Our examination of the records discloses that at the beginning
 
 *605
 
 of the trial, when plaintiff offered the dray receipts signed by defendant’s foreman showing deliveries, counsel for defendant objected to the offer 'because no proof had been adduced tending to prove the allegation of the petition that there was an oral contract between the parties. The trial judge correctly overruled the objection on the ground that the court was not permitted to control the order of plaintiff’s proof, and that, if the offer was not connected with the proof adduced on the trial of the case, it would be disregarded. But the trial judge found, as we have found, that the preponderance of the evidence established the oral contract between the parties.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 O’NIELL, O. J., and ST. PAUL, J., absent.